Daniel Nettles
Reg. No. 20571-298
F.C.I. Herlong, P.O. Box 800
Herlong, California 96113



FILED
MAY 10 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ALS    DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
(SAN DIEGO DIVISION)

| | |
|---|---|
| Daniel Nettles,<br>  Petitioner/Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>  Plaintiff/Respondent. | § Case No. 3:12-cr-04971-JAH-1<br>§        3:21-cr-01215-CAB-1<br>§<br>§ MOTION TO CLARIFY SENTENCE IMPOSED,<br>§ REQUESTING ORDER FOR IMMEDIATE<br>§ RELEASE FROM BOP CUSTODY, AND<br>§<br>§ AN EXPEDITED HEARING ON THE<br>§ MATTER<br>§ |

COMES NOW Daniel Nettles, pro se, (hereinafter) Movant, before this Honorable Court, with an unorthodoxed and unusual request to "this District Court, the sentencing Court" in case No's 3:12-cr-04971-JAH1, and Case No. 3:21-cr-01215-CAB-1.

### JURISDICTION

This court has jurisdiction pursuant to 18 U.S.C. § 3231, as well this Court imposed the original sentence, as well as the sentence imposed for the violation of "Supervised Release."

### BRIEF PROCEDURAL HISTORY

In November of 2012 Movant was arrested with a codefendant by the authorities in the greater San Diego area. Movant was charged in a Complaint with 21 U.S.C. § 963 Conspiracy to Import Methamph-

etamine. Movant entered into a plea agreement with the government, a 11(c)(1)(C) agreement on Count One of the Indictment, on 01/31/-2013. On 11/15/2013, Movant was sentenced before the Honorable J.A. Houston, U.S. District Judge, to 120-months, and 60-months Supervised release/with conditions.

Movant was released from the BOP to a (CCR) community Correction Center/Halfway house, on 10/02/2020. On 12/21/20, a Complaint and warrant was issued as to Movant, charging Movant with one count, 18: U.S.C. § 751(a), 4082(a) (Escape from custody) Movant was arrested on said warrant on 03/25/2021, and did make an initial appearance on 03/26/2021. Movant did enter into a plea agreement on 07-15/2021, which was accepted, also on the same date: 07/15/2021. Movant was sentenced by the Honorable District court Judge Cathy Ann Bencivengo, for the "Escape form Federal Custody charge, on 08/20/21. Movant was sentenced to time served (149 days). An Abstract of Order, releasing Movant was entered on 08/20/2021.

Subsequently, Movant did appear before the Hon. Judge John A. Houston after consenting to a 'video' conference, or final hearing on Revocation of Supervised Release, whioch was set for 12:20/2021-02:15-PM in Court -3-Room 13 B before the Hon. John A Houston, the original sentencing Judge in Movant's criminal trial/proceedings. Movant in the Revocation of Supervised Release proceeding before the Honorable J.A. Houston. was committed to the custody of the BOP for 120-days/4-months, on December 20, 2021, and Supervised release for 56 months, "same conditions previously imposed, inclid-ing RRC for up to 120 days until placement in Residential program.

## CONFUSION AS TO THE COURT'S ORDER, DOUBLE JEOPARDY, AND THE BOP'S CONFUSION OF ISSUES

Movant asserts that where he was sentenced by the Honorable C.A. Bencivengo, to 149-days (timedserved) and subsequently released via the U.S. Marshals, on 08/20/2021, that "again" on 11/21/2021, that he was again arrested on a supervised Released violation/warrant issued by the United States Probation Department, signed by J.-A. Houston, on 11/11/21. On 12/20/2021, the Hon. J.A. Houston, U.S. District Judge, did impose a sentence of 4-months- in the custody of the BOP.

## MOVANT ASSERTS THAT HE HAS SERVED THE SENTENCE IMPOSED BY THE DISTRICT COURT, AND SEEKS AN IMMEDIATE RELEASE

Where Movant was sentenced by Judge Houston on 12/20/21, it is Movants assertion that he has served "both" his sentence for the (escape-charge), and the (4-month) sentenced imposed by the Hon. J.A. Houston for the Violation of Supervised Release, imposed on 12/20/2021, which by all accounts ends on 03/21/2022, 120-days as imposed. At present movant is in the 5th-month of incarceration on a 4-month sentence.

Movant asserts that the BOP attempts to impose its own "additional" Sanctions and additional time sanctions, which would cause Movant to serve an additional year in custody. At present Petitioner's ststutory release date is 03-26-2023. Referring to a "Sentencing-Monitoring Computation Data Sheet" obtained form the Unit Case mananger, it is obvious that a miscalculation has occurred (see Exhibit # 1). The Computation reflects that "Good Conduct Time"

pursuant to the "First Step Act" was applicable and applied on 03/09/2021, the computation was updated to reflect "Good Conduct-Time/Forfeited Time taken, and inoprobable status due to the alleged escape on 12/14/2020, extending to 01/18/2022: INOP. However, the computation goes on to state: "Inmate was mistakenly released on J & C-4, per OPS Manager, Inmate will not be penalized for USM error, and Computation will end INOP Time on 03/25/2021. Service of Case NO. <u>12-CR-04971</u>, (the original sentence), will run CS to the original term of 12-CR-04971." Here it is Petitioner's assertion that because of the typographical error contained within this "Sentence-Monitoring-Computation Data, of 04-15-2022, that the BOP staff are confused concerning Petitioner's true release date." It is Petitioner's assertion that he has completed his sentence and should be released.

The discrepency is contained in the <u>last line</u> of the Computation, e.g., "Service of <u>12-cr-04971</u>, will run CS to original term of <u>12-cr-04971</u>." Here obviously an error was made. (same cases No's.

It is Petitioner's assertion that Grand Prairie (DSCC's) Computation Data Sheet, it is plain to see that the Data sheet is in error. Petitioner was not awarded any GCT for the year 2021, this is an error, also. Where Petitioner's overall sentence is "Offset" by the Application of the First Step Act's Computation update, 03/09-2021. Where it clearly states that "inmate will not be penalized for USM error and Computation will end Inopt Time on 03-24-21..." Thus, if Petitioner was in USM custody, on 03/25/2021, why isn't this refelected on the Computation Sheet of 04/21/2022, (See Exh.-# 2). This error, combined with the Fisrt Step Act's Up-Date Computation(s) offset any additional sanctions the BOP wishes to impose, by 45 days, as well it implicates a Double Jeopardy issue.

-4-

Therefore, it is Petitioner's assertion that he is being held illegally by the BOP, based on all of the above information. Petitioner asserts that where he has <u>completed</u> any Court impose sentence for the "Escape charge", and the "violation of Supervised Release." The confusion lies within the language and fact that Petitioner was <u>never</u> actually "released to supervised release" [b]ut was in a CCC Placement, which places him <u>still</u> in BOP Custody. Therefore, where the BOP attempts to "again" sanction Petitioner with the loss of GCT Credits, this constitutes 'Double-Jeopardy' where Petitioner was already given additional time by the U.S. District court for the exact same conduct.

Wherefore, Petitioner respectfully request that this Honorable Court Order/Direct the BOP to effect his Immediate Release, where Petitioner has already completed his sentence for the BOP.

Petitioner FURTHER SAYETH NAUGHT.

This Petition prepared pursuant to 28 U.S.C.S. § 1746, penalty of perjury. So Sayeth I, Daniel Nettles, pro se.

Respectfully submitted

*Daniel Nettles*, pro se

April 27, 2022

cc/file



Herlong, California 96113

RENO, NV P&DC 895
WED 04 MAY 2022 AM

RECEIVED
MAY 09 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Clerk, United States District Court
Southern California
333 West Broadway, Suite 420
San Diego, California 92101

LEGAL-MAIL

Legal-Mail